UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGGY KINCH and
OWEN E. KINCH,

        Plaintiffs,

vs.                                     **Case No.: 8:07-CV-121-EAJ**

BIG LOTS STORES, INC.,

        Defendant.
_____/

### ORDER

This cause comes on for consideration of Plaintiffs' **Motion to Strike Defendant's Notice of Acceptance of Proposal for Settlement as to Owen E. Kinch** (Dkt. 21) filed on February 6, 2008. Also before the court is **Defendant's Response to Plaintiffs' Motion to Strike Defendant's Notice of Acceptance of Proposal for Settlement as to Owen E. Kinch** (Dkt. 25) filed on February 12, 2008, and Plaintiffs' **Reply in Support of Motion to Strike Defendant's Notice of Acceptance of Proposal for Settlement as to Owen E. Kinch** (Dkt. 41) filed on February 25, 2008. For the reasons set forth below, Plaintiffs' motion is granted.

This case involves a claim for damages for personal injuries suffered by Peggy Kinch when she allegedly tripped over a box at one of Defendant's stores, and an accompanying claim for loss of consortium by her husband Owen Kinch. Pursuant to Florida Statutes § 768.79 and Florida Rule of Civil Procedure 1.442, Plaintiffs served a proposal for settlement on Defendant and filed notice thereof on February 1, 2008 (Dkt. 16). The joint proposal for settlement stated that Plaintiffs would dismiss all claims against Big Lots upon payment of a total dollar amount to Plaintiffs (Dkt. 41-2,

p. 1).[1] The proposal also set forth the amounts attributable to each Plaintiff as required by Florida Rule of Civil Procedure 1.442 (id. at 2).  On February 4, 2008, Defendant notified Plaintiffs that it was accepting the settlement offer of zero dollars that was apportioned to Owen Kinch but was rejecting the offer as to Peggy Kinch (Dkt. 25, p. 2).[2]

Plaintiffs now move the court to strike Defendant's notice of acceptance, arguing that it does not mirror the offer as made and is therefore invalid (Dkt. 21, p. 2).[3]   Plaintiffs argue that the proposal for settlement "makes no mention of separate offers with respect to each Plaintiff, individually," and thus Defendant's attempt to "parse out and settle" only as to Owen Kinch violates the mirror image rule of contract formation that is recognized in Florida (id. at 1-2).  Defendant responds that Florida has interpreted Rule 1.442 to require joint proposals from multiple offerors to apportion their offers among themselves so that a defendant can evaluate each plaintiff's claim separately and that Defendant was free to accept or reject either offer made by Plaintiffs (Dkt. 25, pp. 3-4).  Defendant contends that its acceptance mirrors Plaintiffs' offer because it does not add or delete any terms (id. at 4).

The Eleventh Circuit has held that Florida's offer of judgment statute, Florida Statutes § 768.79, is substantive law for *Erie* purposes.  Jones v. United Space Alliance, LLC, 494 F.3d 1306,

---

[1] Plaintiffs submitted the proposal for settlement as an attachment to their Reply but redacted the total amount of the demand and the amount attributable to Peggy Kinch to preserve confidentiality (Dkt. 41-2).  The amount of the settlement attributable to Owen Kinch – zero dollars – was not redacted.

[2] Although Defendant's acceptance is not before the court, both parties agree that Defendants accepted the proposal for zero dollars as to Owen Kinch and rejected it as to Peggy Kinch.

[3] Plaintiffs' motion did not comply with Local Rule 3.01(g), M.D. Fla., requiring certification that the movant has conferred with opposing counsel.  However, because Defendant has already responded, the motion will be considered on the merits.

1309 (11th Cir. 2007) (citations omitted).  Rule 1.442 governs settlements under the statute and provides that a settlement proposal "may be made by or to any party or parties . . . [but a] joint proposal shall state the amount and terms attributable to each party."  Fla. R. Civ. P. 1.442(c)(3). The Florida Supreme Court has explicitly held that the plain language of Rule 1.442(c)(3) mandates that offers of judgment made by "multiple plaintiffs must apportion the offer among the plaintiffs." Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 279 (Fla. 2003).[4]

Plaintiffs assert that the issue of whether their proposal for settlement complies with Florida law is not ripe because no judgment has yet been rendered that might trigger a right to attorney's fees (Dkt. 41, p. 1).  However, in considering the merits of Plaintiffs' motion to strike, the court must determine whether Defendant's acceptance of the proposal as to Owen Kinch is valid and thus requires the dismissal of all claims by Owen Kinch.  In making this determination, it must first be decided whether Florida law allows joint proposals for settlement by multiple plaintiffs to be conditioned on acceptance as to all plaintiffs.  If the form of the proposal complies with Florida law, the next issue is whether Defendant's acceptance of the demand by Owen E. Kinch is valid.

Defendant contends that the language of Rule 1.442(c)(3) requires that joint proposals for settlement be severable, so that a defendant has the option of settling each claim independently of the others.  While Defendant cites to some legal authority that suggests the ability to independently

---

[4] In Willis Shaw, the Florida Supreme Court approved the lower court's holding in Hilyer Sod, Inc. v. Willis Shaw Express, Inc. 817 So. 2d 1050 (Fla. 1st DCA 2002), that Rule 1.442(c)(3) requires a court to invalidate an offer of settlement by multiple plaintiffs that fails to apportion the damages attributable to each plaintiff.  849 So. 2d at 279.  The Florida Supreme Court held that, because "the offer of judgment statute and [Rule 1.442] are in derogation of the common law rule that each party pay its own fees," the language of the rule must be strictly construed and that the plain language of the rule requires joint proposals from multiple plaintiffs to apportion the offer among the plaintiffs.  Id. at 278-79.

accept such joint proposals may advance certain policy goals, it points to no cases that have explicitly held that joint proposals for settlement must be severable.  Under the circumstances presented in this case, the court declines to find that the proposal for settlement was severable.

The requirements of Rule 1.442 are designed to enable parties to focus with greater specificity in their negotiations, thereby facilitating more settlements. See Willis Shaw Express, Inc., 849 So. 2d at 279.  The purpose of the apportionment requirement of Rule 1.442(c)(3) is to facilitate settlement negotiations by enabling an offeree to properly evaluate the offer as it pertains to each offeror. Id. at 278 (quoting Allstate Ins. Co. v. Materiale, 787 S. 2d 173, 175 (Fla. 2d DCA 2001)). The Rule also lets the court determine the amount attributable to each party in deciding whether the attorney's fees provision of Section 768.79 is applicable once judgment has been rendered.  See Lamb v. Matetzschk, 906 So. 2d 1037, 1041 (Fla. 2005).  These goals are not thwarted by a proposal that is conditioned upon acceptance by both parties, and the Florida Supreme Court has offered no indication that a properly differentiated joint proposal is invalid.[5]

Additionally, Rule 1.442 allows conditions to be placed on offers of judgment, as long as they are stated with particularity. Fla. R. Civ. P. 1.442(c)(2)(C).  Plaintiffs' proposal for settlement clearly states that the relevant conditions are that "Plaintiffs will file a voluntary dismissal with prejudice of all claims against Big Lots" with such settlement to occur "upon payment by Big Lots to Plaintiffs in the total sum of [redacted amount]" (Dkt. 41-2, p. 1).  These straightforward terms

---

[5] Defendant also cites to a Florida case stating that the rule requiring multiple plaintiffs to attribute the amount of the joint offer among themselves "may be particularly important in claims alleging loss of consortium, where defendants may choose to settle the claim for a minimal amount and go to trial on the primary claim." Allstate Ins. Co. v. Materiale, 787 So. 2d at 175.  This statement is merely the court's observation regarding application of the rule's apportionment requirement; the court did not hold that joint proposals for settlement by multiple plaintiffs must be capable of independent acceptance.

satisfy the Rule's requirement of particularity and do not violate any other provisions of Rule 1.442.

In support of its argument that a joint proposal must be severable, Defendant refers to language in the First District Court of Appeal's <u>Hilyer Sod</u> opinion that states: "a valid offer should not require the defendant to make an all-or-nothing determination without permitting it to evaluate each claim separately . . . ." <u>Hilyer Sod, Inc. v. Willis Shaw Express, Inc.</u>, 817 So. 2d 1050, 1053 (Fla. 1st DCA 2002), <u>aff'd</u>, 849 So. 2d 276 (Fla. 2003).[6]  However, the <u>Hilyer Sod</u> court was faced with an undifferentiated joint proposal for settlement; the cited language merely reiterates the reasoning behind the requirement that joint offers be apportioned: to allow the offeree to properly evaluate each claim separately before accepting or rejecting an offer.  The court did not hold that a properly differentiated joint proposal for settlement is an invalid offer in violation of Rule 1.442.  Therefore, Plaintiffs were not prohibited from offering a joint proposal that required acceptance as to both Plaintiffs as a condition of their settlement of all claims against Defendant.

Next, the court must determine the validity of Defendant's form of acceptance.  Plaintiffs argue that the mirror image rule invalidates Defendant's attempt to sever the joint proposal of settlement and accept it only as to Owen Kinch (Dkt. 21, p. 2).  Florida recognizes the mirror image rule, under which a contract cannot be formed unless the acceptance of the offer is "absolute, unconditional and identical with the terms of the offer." <u>Montgomery v. English</u>, 902 So. 2d 836, 837 (Fla. 5th DCA 2005) (citations omitted).

As stated above, the proposal for settlement was clear in its conditions of voluntary dismissal of "all claims" by both Plaintiffs in exchange for a specified "total" amount from Defendant.

---

[6] The Florida Supreme Court did not address this point when discussing its rationale for affirming the First District's decision in <u>Hilyer Sod</u>. <u>Willis Shaw Express, Inc.</u>, 849 So. 2d at 278-79.

Defendant's acceptance does not mirror the terms of the offer because it omitted one of the essential terms of the offer – settlement of Peggy Kinch's claims.  The importance of this term is especially evident because the portion of the settlement attributed to Owen Kinch was zero dollars (Dkt. 41-2, p. 2).  Obviously, Plaintiffs did not contemplate dismissing both of their claims against Defendant unless Defendant agreed to pay the total amount requested.  Nor could Plaintiff have intended to relinquish the consortium claim of Owen Clinch upon a payment of "zero dollars" by Defendant. In addition, had Plaintiffs desired to settle their claims individually with the Defendant, they each could have served a separate proposal for settlement.  Their decision to file a joint proposal for settlement clearly indicates their intention to settle both claims concurrently.  Because Defendant's acceptance of Plaintiffs' proposal for settlement was not identical with the terms of the offer and there was no "meeting of the minds," an enforceable settlement did not result.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiffs' **Motion to Strike Defendant's Notice of Acceptance of Proposal for Settlement as to Owen E. Kinch** (Dkt. 21) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida this 6th day  of March, 2008.


ELIZABETH A JENKINS
United States Magistrate Judge



Copies to:     Parties
               All counsel of record